Michael R. McDonald, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4827
Facsimile: (973) 639-6295

Layne H. Melzer, Esq.
Karen E. Walter, Esq.
**RUTAN & TUCKER, LLP**
611 Anton Boulevard
Fourteenth Floor
Costa Mesa, CA 92626
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

Attorneys for Defendant
Brother International Corporation

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT DICUIO, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>BROTHER INTERNATIONAL CORPORATION,<br><br>　　　　　　　Defendant. | Civil Action No.: _____<br><br>*Document electronically filed*<br><br>NOTICE OF REMOVAL |

TO:　THE JUDGES OF THE UNITED STATES DISTRICT COURT
　　　FOR THE DISTRICT OF NEW JERSEY

**PLEASE TAKE NOTICE** that Defendant Brother International Corporation ("BIC"), by and through its counsel, Gibbons P.C. and Rutan & Tucker, LLP, respectfully requests that this action be removed from the Superior Court of New Jersey, Law Division, Middlesex County, to this Court under 28 U.S.C. § 1441(a) on the grounds of diversity jurisdiction under

#1614463 v1
105359-73055

the Class Action Fairness Act ("CAFA") at 28 U.S.C. § 1332(d). In support of this Notice of Removal, Defendant asserts as follows:

### The Timing of Removal.

1. On February 11, 2011, BIC was served with a copy of the summons and complaint in the action entitled <u>Robert DiCuio, on behalf of himself and all others similarly situated v. Brother International Corporation</u>, Case No. 907-11 in the Superior Court of New Jersey, Law Division, Middlesex County (the "State Action"). This Notice of Removal is filed within thirty days after BIC's receipt of the initial pleading, as required by 28 U.S.C. § 1446(b).

2. A copy of the summons, complaint and Case Information Statement in the State Action is attached hereto as <u>Exhibit A</u>. These papers are the only process, pleadings or orders served on BIC in the State Action as of the date of this Notice of Removal.

3. Promptly after filing this Notice of Removal with the District Court of New Jersey, BIC will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County, as required by 28 U.S.C. § 1446(d). A copy of the letter notifying the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County, of removal from state court, is annexed hereto as <u>Exhibit B</u>. A copy of both documents will also be served upon Plaintiff's counsel.

4. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

### The History of this Litigation in Federal Court.

5. The <u>DiCuio</u> action is latest in a long series of federal court consumer class actions targeting the design and marketing of various brands of laser and inkjet printers, including not only Brother, but also Epson, Canon, Lexmark, Samsung and Hewlett Packard. Generally, these

lawsuits allege it is an unfair or fraudulent practice to design laser/inkjet printers that stop printing if there is still toner/ink left in the cartridge, or that signal the cartridge needs to be replaced when there is still toner/ink left in the cartridge.

6. The first such laser printer class action filed against BIC in New Jersey District Court was Arcand v. BIC, Case No. 3:07-CV-04987-FLW-TJB, filed in October 2007 and assigned to the Honorable Freda L. Wolfson. The Arcand plaintiffs sought to represent a nationwide class of all purchasers of Brother-brand laser printers or replacement toner cartridges (such that Plaintiff DiCuio, and all of the proposed DiCuio class members, would have been class members in Arcand). Judge Wolfson ultimately ruled that none of the Arcand plaintiffs' claims (which, just like Plaintiff DiCuio's, were premised on breach of warranty and consumer fraud theories) could survive the pleading stage, as explained in two opinions: Arcand v. Brother Int'l Corp., 2010 U.S. Dist. LEXIS 103942 (D.N.J. Sept. 29, 2010) and Arcand v. Brother Int'l Corp., 673 F.Supp.2d 282, 290 (D.N.J. 2009).

7. Judge Wolfson is also presiding over two consolidated class actions attacking Brother-brand inkjet technology: (1) McFadden v. BIC, initially filed in the Central District of California on November 20, 2006 as 06-CV-7440-DSF-CWx and then transferred to New Jersey as Case No. 07-CV-1905-FLW-TJB and (2) Maniscalco v. BIC, 06-CV-4907-FLW-TJB, filed on October 13, 2006. BIC's motion for summary judgment on all remaining claims in Maniscalco is fully briefed and pending. A voluntary dismissal with prejudice, and on the merits, was entered in the McFadden action on January 25, 2011.

8. On March 13, 2010, while Arcand was still pending, three of the four law firms that now represent Plaintiff DiCuio filed Booth v. BIC, Case No. 3:10-CV-01364-JAP-DEA. Plaintiff Booth (a Texas citizen) and her attorneys sought to represent a nationwide class of

3

purchasers of Brother-brand color laser printers, the very same models now at issue in <u>DiCuio</u>, asserting essentially the same claims that are pled here. After BIC moved to dismiss <u>Booth</u>, Plaintiff's counsel voluntarily dismissed <u>Booth</u> in June 2010. Judge Wolfson announced her decision dismissing <u>Arcand</u> in September 2010.

9. After entry of the opinion and Order in Arcand by Judge Wolfson, dismissing the complaint with prejudice, the <u>Booth</u> attorneys filed their "round two" lawsuit in New Jersey State Court, rather than in Federal Court, substituting a New Jersey citizen as the proposed class representative. Despite the apparent effort to avoid federal jurisdiction, the <u>DiCuio</u> Complaint, however, is removable under CAFA.

### The Grounds for Removal.

10. The New Jersey District Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d) because:

   a. The State Action is a "class action" as defined in 28 U.S.C. § 1332(d)(1)(B) (Complaint, ¶¶ 5-11);

   b. The amount in controversy based on the aggregation of the proposed class members' alleged claims exceeds $5,000,000.00, exclusive of interest and costs (28 U.S.C. § 1332(d)(2) and (6)); and

   c. There is minimal diversity. Specifically, at least one member of the proposed class of plaintiffs is a citizen of a different state than BIC, or a citizen of a foreign country. 28 U.S.C. § 1332(d)(2)(A)-(B).

### The Citizenship of BIC.

11. BIC is the distributor of Brother-brand products in the United States. Brother-brand products are designed and manufactured by Brother Industries, Ltd. ("BIL"), a Japanese

#1614463 v1
105359-73055

corporation. BIC is a wholly owned subsidiary of BIL.

12. For purposes of CAFA jurisdiction, a corporation is a citizen of both the state of its incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Both at the time the State Action was filed and at the time of removal, BIC was/is a corporation incorporated pursuant to the laws of the State of Delaware with its principal place of business located in Bridgewater, New Jersey.

13. A corporation's "principal place of business" refers to the place where the corporation's high-level officers direct the corporation's activities. This "nerve center" is typically a corporation's headquarters. Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186 (U.S. 2010). BIC's corporate headquarters are located in Bridgewater, New Jersey.

14. Plaintiff admits in the Complaint that BIC's principal place of business is New Jersey. Complaint, ¶ 4.

15. BIC is therefore a citizen of both New Jersey and Delaware for purposes of CAFA jurisdiction.

### The Citizenship of Members of the Proposed Plaintiff Class.

16. The proposed plaintiff class members are the persons and entities (named or unnamed) who fall within the definition of the proposed plaintiff class. 28 U.S.C. § 1332(d)(1)(D).

17. The definition of the proposed plaintiff class is set forth in the Complaint (the "Class Definition") as follows:

> All *purchasers in New Jersey*, who since 2005 purchased Brother Laser Printers including but not limited to, models: HL-4070CDW / 4040CN / 4040CDN / 4050CDN, DCP-9040CN / 9042CDN / 9045CDN, and MFC-9440CN / 9450CDN / 9840CDW using color cartridges TN-110 and/or TN-115 and all *purchasers in New Jersey* of replacement color cartridges TN-110 and/or TN-115.

#1614463 v1
105359-73055

Complaint, ¶ 5, emphasis added. (Hereinafter, the models of Brother-brand color laser printers listed in the Class Definition shall be referred to as the "Subject Printers," and the models of Brother-brand color toner cartridges listed in the Class Definition shall be referred to as the "Subject Toner Cartridges.")

18. The Complaint also alleges that the State Action "is a consumer class action brought on behalf of all persons and entities that *purchased in the State of New Jersey* certain color printers and color toner cartridges for said printers ...." Complaint, ¶ 1, emphasis added. Thus, the Class Definition is specifically based on the location of the purchase, not the citizenship of the purchaser.

19. Under CAFA, the citizenship of members of the proposed plaintiff class is determined as of the date of filing of the Complaint. 28 U.S.C. § 1332(d)(7). The Complaint in the State Action was filed on January 31, 2011.

20. Persons and entities who were neither citizens of New Jersey nor Delaware on January 31, 2011 have purchased a Subject Printer and/or a Subject Toner Cartridge in New Jersey since 2005. Such purchasers, therefore, fall within the Class Definition. BIC is informed and believes that such purchasers include, without limitation:

    a. Citizens of foreign countries who reside in New Jersey;

    b. College students who are citizens of other states or other countries but who temporarily reside in New Jersey;

    c. Persons who resided in New Jersey at the time of their purchase, but who later moved and became citizens of other states prior to January 31, 2011.

    d. Corporations or other business entities that do business in New Jersey but that are not citizens of New Jersey; and

   e. Citizens of Pennsylvania or New York who made purchases in New Jersey.

21. As a result, at least one member of the proposed plaintiff class is a citizen of a state different from BIC (*i.e.*, a citizen of a state different from New Jersey or Delaware) or a citizen of a foreign country. This satisfies the requirement of "minimal diversity" in 28 U.S.C. § 1332(d)(2)(A)-(B).

## The Amount in Controversy.

22. The Class Action Complaint does not disclaim that the amount in controversy is less than the $5,000,000 jurisdictional threshold required for diversity jurisdiction under CAFA. As a result, removal is proper here because, based upon a fair reading of the Class Action Complaint and the Notice of Removal, it does not appear to a legal certainty that Plaintiff and the members of the proposed class cannot recover an amount in excess of CAFA's minimum jurisdictional amount of $5,000,000. See Frederico v. Home Depot, 507 F.3d 188, 196-97 (3d Cir. 2007).

23. "In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004). Because Plaintiff has not stated an exact sum sought in the Class Action Complaint, the Court must perform an independent appraisal of the amount in controversy and, in doing so, may rely upon facts alleged in Defendant's Notice of Removal as well as those alleged in Plaintiff's Class Action Complaint. See Frederico, 507 F.3d at 197 ("In addition, to determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court."); Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193,

197 (D.N.J. 2006) ("If the complaint is open-ended and does not allege a specific amount, the court must perform an independent appraisal of the value of the claim by looking at the petition for removal or any other relevant evidence.").

24. In considering the amount of controversy under CAFA, the claims of Plaintiff and the putative class members are aggregated to determine if the amount in controversy exceeds the jurisdictional threshold of $5,000,000. See 28 U.S.C. § 1332(d)(6).

25. The Complaint alleges facts that demonstrate it is more likely than not that the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. Plaintiff alleges he paid $249.99 for a Subject Printer and approximately $640 for replacement Subject Toner Cartridges, which adds to approximately $890. Complaint, at ¶ 3. Plaintiff alleges he might not have purchased a Subject Printer or any Subject Toner Cartridges but for the alleged misrepresentations he attributes to BIC. Id. at ¶ 25. Plaintiff prays for compensatory damages. Id. at Prayer, ¶ (b).

26. Plaintiff also prays for treble damages under the New Jersey Consumer Fraud Act ("NJCFA") at N.J.S.A. § 56:8-19. Id. at Prayer, ¶ (c). The Court must consider such treble damages in determining the amount in controversy. Frederico v. Home Depot, 507 F.3d 188, 199 (3d Cir. 2007). See also Adighibe v. Clifton Telecard Alliance, 2008 U.S. Dist. LEXIS 28322, *11 (D.N.J. Apr. 7, 2008) Trebling Plaintiff's potential compensatory damages of $890 would bring Plaintiff's potential judgment to $2,670.

27. Plaintiff also prays for statutory attorneys' fees under the NJCFA. Prayer, ¶ (d). The Court must consider such fees in determining the amount in controversy, and may use 30% of the potential judgment as a guideline. Frederico, 507 F.3d at 199. See also Adighibe, 2008 U.S. Dist. LEXIS 28322, *11 (D.N.J. Apr. 7, 2008). Accounting for fees at that rate, Plaintiff's

potential judgment would be $3,471.

28.     Plaintiff alleges his claims are typical of the claims of the proposed plaintiff class. Complaint, at ¶ 6. Viewing Plaintiff's potential judgment as typical or average, only 1,441 class members are needed to cause the aggregate potential judgment to exceed $5 million.

29.     As to class size, Plaintiff alleges, "While the precise number of members cannot be ascertained without discovery, plaintiff believes that the Class is composed of hundreds, if not thousands, of persons who purchased Brother printers and cartridges in the State of New Jersey ...." Id. at ¶ 7. Indeed, since 2005, more than 1,500 persons or entities made purchases in New Jersey that would bring them within the Class Definition.

30.     Thus, although BIC disputes liability and disputes that Plaintiff or members of the proposed plaintiff class are entitled to any monetary relief, a fair reading of the Complaint reveals that the amount in controversy exceeds $5 million, exclusive of interest and costs.

31.     Furthermore, in the Booth Class Action filed by Plaintiffs' counsel in this Court, a complaint involving the same printers and cartridges as the Subject Printers and Subject Toner Cartridges, it was admitted that this Court had subject matter jurisdiction pursuant to CAFA over the very same claims, and that the matter in controversy exceeded $5 million: "This Court has original jurisdiction over this class action under 28 U.S.C. §1332(a),(d)(2), (d)(5)(B), (d)(6) because (i) the Plaintiff and Defendant are citizens of different states, (ii) there are 100 or more class members, and (iii) there is an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs."

**WHEREFORE,** BIC hereby removes this action now pending in the Superior Court of New Jersey, Law Division, Middlesex County, to this Court.

Dated: March 14, 2011

By: <u>s/ Michael R. McDonald</u>
Michael R McDonald, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4827
Facsimile: (973) 639-6295
mmcdonald@gibbonslaw.com

Layne H. Melzer, Esq.
Karen E. Walter, Esq.
**RUTAN & TUCKER, LLP**
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626
Telephone: (714) 641-5100
Facsimile: (714) 546-9035
lmelzer@rutan.com
kwalter@rutan.com

Attorneys for Defendant
Brother International Corporation

#1614463 v1
105359-73055