***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ROBERT DICUIO, on behalf of himself :
and all others similarly situated,  :
                                    :
       Plaintiff,                   :    Civ. Action No.: 11-1447 (FLW)
                                    :
v.                                  :    **OPINION**
                                    :
BROTHER INTERNATIONAL              :
CORPORATION,                       :
                                    :
       Defendant.                   :
_____:

**WOLFSON, District Judge**:

   In this putative class action, Plaintiff Robert Dicuio ("Plaintiff" or "Dicuio"), a New Jersey resident, brings this suit under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332, alleging that Defendant Brother International Corporation ("Defendant"), a Delaware corporation with its principal place of business in New Jersey, designed its color ink cartridges to deplete one color faster than others in order to increase sales.  In the instant matter, Plaintiff moves to remand the action back to New Jersey Superior Court.  For the reasons that follow, the Court finds that remand is inappropriate, and therefore, Plaintiff's motion is denied.

**I.     BACKGROUND**

   The following facts are taken from Plaintiff's Complaint. For the purposes of this motion to remand, the Court will construe these facts as true. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). The Plaintiff, a resident of New Jersey,

1

purchased a color printer, manufactured by Defendant, in December of 2008. Compl., ¶ 3. According to the complaint, this type of printer "contains four different toner cartridges, one in black . . . one in yellow, one in magenta and one in cyan." Compl., ¶ 13. Plaintiff alleges that when any one ink color is depleted, all must be replaced in order for the printer to function. Compl., ¶¶ 2, 15. Plaintiff seeks injunctive relief and compensatory damages for himself and a class, stemming from an alleged breach of implied and express warranties, breach of contract and violation the New Jersey Consumer Fraud Act. Compl., ¶ 2.

This action was originally brought by the Plaintiff in New Jersey Superior Court. See Compl. dated January 31, 2011.[1] As stated in the complaint, Plaintiff is a New Jersey resident, and the class consists of "[a]ll purchasers in New Jersey, who since 2005 purchased Brother Laser Printers" of similar models to Plaintiff's and required the same color ink cartridges. Compl., ¶ 5. Defendant, a Delaware corporation with its principal place of business in New Jersey, later removed the case to this Court arguing that the Court had jurisdiction pursuant to CAFA. See Notice of Removal at 4.  Plaintiff now moves to remand the action back to New Jersey State Court.

## II.     STANDARD OF REVIEW

The Class Action Fairness Act of 2005 grants federal district courts original jurisdiction over class action cases that meet the required criteria. See 28 U.S.C. § 1332(b). Within CAFA, there are two exceptions that direct district courts to decline jurisdiction in favor of the appropriate state court. Id. at § 1332. One of these exceptions has been termed the "home state"

---

[1]     The date in which this complaint was filed appears to be January 31, 2011, however, the date stamp is not completely legible to the Court.  No amended complaint has been filed.

exception by several courts, including the Third Circuit. Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 149 (3d Cir. 2009). The second exception is the "local controversy" exception. Id.

Under the home state exception, a district court must decline to exercise jurisdiction where

> two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(B). If a class action meets these requirements, a district court must remand the case back to the state court where it was originally filed. Importantly, the party seeking to remand the suit back to state court bears the burden of meeting the home state exception requirements. Kaufman, 561 F.3d at 153; Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1024 (9th Cir. 2007); Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 680-81 (7th Cir. 2006); Frazier v. Pioneer Ams. LLC, 455 F.3d 542, 546 (5th Cir. 2006); Evans v. Walter Indus., Inc., 449 F.3d 1159, 1165 (11th Cir. 2006).

The inquiry for the local controversy exception is similar to the home state exception inquiry. Like the home state exception, CAFA's local controversy exception, provides that, a district court must remand when more than two-thirds of the proposed class are citizens of the state in which the action was originally filed.[2] Moreover, as with the home state exception, the party seeking removal bears the burden of demonstrating citizenship. Kaufman, 561 F.3d at 153.

---

[2] There are additional requirements that must be met for this exception to apply. The local controversy exception provides, in toto:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant-

3

CAFA, further, grants district courts discretion to decline jurisdiction over classes comprised of between one-third and two-third citizens of the state from which the action was removed. <u>Hirschbach v. NVE Bank</u>, 496 F.Supp.2d 451, 459 (D.N.J. 2007) (citing 28 U.S.C. § 1332(d)(3)). Before exercising that discretion, a court must engage in a totality of the circumstances balancing test, considering a number of statutorily enumerated factors.[3] These

---

>   (aa) from whom significant relief is sought by members of the plaintiff class;
>
>   (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>
>   (cc) who is a citizen of the State in which the action was originally filed; and
>
>   (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
>   (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same persons; or
>
>   (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(A).

[3]   The factors are:

>   (A) whether the claims asserted involve matters of national or interstate interest;
>
>   (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

factors are designed to elicit whether the parties' dispute is "uniquely local" as opposed to multi-state in character. Kaufman, 561 F.3d at 149. If the balance of factors suggests that the dispute is local, the court may exercise its discretion to remand.

### III. DISCUSSION

Plaintiff does not dispute the existence of CAFA jurisdiction, and rightly so. CAFA, indeed, provides this Court with jurisdiction. There is minimal diversity between the parties because Defendant is a citizen of both New Jersey and Delaware, see Brother Int'l Corp. Rule 7.1 Certification at 1 (stating that Defendant is a Delaware corporation with its principal place of business in New Jersey); see also 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."), and because at least one purchaser is a non-citizen of New Jersey and Delaware. Because Plaintiff's Complaint defines the class as individuals who purchased cartridges in New Jersey since 2005, it is reasonable to conclude that at least one purchaser was

---

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3).

not a resident of either state: many people and companies from the neighboring state of Pennsylvania travel into New Jersey to purchase goods. Alternatively, it is reasonable to conclude that at least one purchaser who may have previously been a New Jersey or Delaware resident is no longer a resident of either of those states.

With respect to amount in controversy, the Third Circuit has held that an uncabined damage request coupled with a statement in the Notice of Removal that the aggregated damages exceed $5 million, like that found here, is sufficient to establish the amount in controversy for CAFA purposes. See Kaufman, 561 F.3d at 151; Compl. at ¶¶ 19 – 39 (seeking unspecified damages); Notice of Removal, ¶ 10b (stating that aggregation of claims exceeds $5,000,000). Moreover, Plaintiff seeks treble damages. Id. at ¶ 39. Finally, according to Plaintiff's Complaint, there are at least 100 class members. See id. at ¶ 7 (defining class as "hundreds, if not thousands" of purchasers).

For these reasons, I am independently satisfied that CAFA jurisdiction exists. I now turn to Plaintiff's request to remand under both the home state and the local controversy exceptions to CAFA jurisdiction.

    **A.    Home State Exception**

The Third Circuit has yet to issue a precedential decision applying the CAFA home state exception. However, there are several courts within, and outside of, the Third Circuit that have ruled on this issue. In a First Circuit case, a class consisting of credit/debit card users at the defendant-owned grocery store chain filed an action based on inadequate security after the plaintiffs' credit card information was stolen by a computer hacker. In re Hannaford Bros. Co. Customer Data Security Breach Litigation, 564 F.3d 75, 76-77 (1st Cir. 2009). The complaint in that case defined the class as consisting of entirely Florida citizens, and the sole defendant's

principal place of business was also in Florida. Id. at 78. The defendant argued that the plaintiff class definition "requiring that all class members be Florida citizens" was an improper class limitation. Id. at 81. The First Circuit rejected this argument finding that a complaint alleging a class entirely comprised of citizens from one state was permissible under CAFA. Id.

More recently, in In re Sprint Nextel Corp., 593 F.3d 669 (7th Cir. 2010), the Seventh Circuit held that the home state exception applied to an alleged class consisting of "all Kansas residents" who purchased text-messaging services from the defendant, Sprint Nextel. The plaintiff, in that case, brought suit claiming the defendant "artificially [imposed] high prices for text-messaging service," and limited the class to anyone who "(1) had a Kansas cell phone number, (2) received their cell phone bill at a Kansas mailing address, and (3) paid a Kansas 'USF fee.'" Id. at 671. The plaintiff argued that these three criteria demonstrated that every member of the class was a Kansas citizen, and therefore the case should be remanded back to state court under the home state exception. Id. The defendant argued, in contrast, that there was insufficient evidence "that two-thirds of their proposed class members were in fact Kansas citizens." Id.

The Seventh Circuit ruled that since the plaintiff provided no evidence of the citizenship of the class members, the court could not find that the two-thirds requirement was met even though it may have been reasonable to infer as much from the complaint's allegations. According to the court, it could "not draw conclusions about the citizenship of class members based on things like their phone numbers or mailing addresses." Id. at 674. Notably, the court suggested two instances in which the plaintiff class would have met the home state requirements. First, the plaintiff could have alleged in the complaint that all members of the class were "Kansas citizens." Id. This, in the Seventh Circuit's view, would have ensured that the class would have

7

met the two-thirds requirement while eliminating the possibility that the class included "out-of-state businesses, college students, soldiers, and the like. . . ." Id.  Second, the court noted, the plaintiff could have issued surveys to the class to determine the percentage of the citizenship based on a sample size. Id. at 675-76.  Acknowledging that "that there are probably hundreds of thousands of putative class members, if not more," the court reasoned that "it would be infeasible to document each class member's citizenship individually …." Id. at 675.  Hence, the court further explained, a district court could rely on evidence such as "affidavits or survey responses in which putative class members reveal whether they intend to remain in Kansas indefinitely …." Id.

District courts in this district have also ruled on cases in which the home state exception was raised.  In Hirschbach, a district court in the District of New Jersey remanded a case involving a putative class of "all persons" who held a certificate of deposit in a particular New Jersey bank during a specified time frame. 496 F.Supp.2d at 460.  Presented with a certification from the bank that 30% of its customers used mailing addresses outside of New Jersey, the court concluded that the plaintiff failed to demonstrate that two-thirds of the certificate holders were New Jersey citizens.  However, in that court's view, at least one-third of the certificate holders were likely New Jersey citizens.  Thus, the court engaged in the totality of circumstances analysis under 28 U.S.C. § 1332(d)(3) to determine whether it should exercise its discretion to remand.  Concluding that the matter was primarily local, as opposed to interstate, in nature, the court determined that a balancing of the factors weighed in favor of remand. Id. at 461-62.

Other district courts within the Third Circuit have denied motions to remand where the plaintiff failed to provide any evidence of citizenship.  In a suit relating to Pennsylvania workers, a district court in the Eastern District of Pennsylvania determined the applicability of the home

state exception to a class defined as any worker of a particular Pennsylvania factory. See Anthony v. Small Tube Mfg. Corp., 535 F.Supp.2d 506, 508 (E.D.Pa. 2007).  Because the plaintiff in that case failed to provide evidence to support the citizenship of the class, or define the class as Pennsylvania citizens, the court found that the home state exception did not apply. Id. at 517.  The court reasoned that, though one could infer that the factory workers were domiciled in Pennsylvania, such an inference does not satisfy the plaintiff's burden of proof: "Individual employees may retire and move away. Employees may change jobs and move to another State or country. Employees may also commute from an out-of-state location." Id.

Similarly, the court in Schwartz v. Comcast Corp., No. 05-2340, 2006 WL 487915, at *3 (E.D.Pa. Feb. 28, 2006) denied remand where the putative class was defined as "[a]ll persons and entities residing or doing business in the Commonwealth of Pennsylvania who subscribed to Comcast's high-speed internet service during the period April 7, 2004 to April 14, 2005."  The court reasoned that, at best, the purchase of internet service indicates residency and residency does not equate with domicile or citizenship. Id. at *5-*6.  Without specific proof of citizenship, the court was not willing to infer citizenship from residency alone.  Notably, the Third Circuit affirmed this decision in a non-precedential opinion, noting that, in light of the district court's conclusion that fewer than one-third of the class were citizens of Pennsylvania, the district court was not obligated or allowed to remand under either the home state exception or the local controversy exception. Schwartz v. Comcast Corp., 256 Fed.Appx. 515, 517 n.1 (3d Cir. 2007). The Circuit did not express any opinion about the district court's finding that less than one-third of the class were citizens of Pennsylvania had been proven.

While there is no binding Third Circuit authority on point, the persuasive authority outlined above strongly suggest that Dicuio's motion to remand should be denied for several

reasons. As an initial matter, rather than defining the class as "[a]ll purchasers in New Jersey" who purchased Brother Printers and color ink replacement cartridges since 2005, Compl., ¶ 5, he could have defined the class as "all New Jersey <u>citizens</u> who have purchased a Brother Printer and/or color ink replacement cartridges since 2005." [4] Having failed to define the class as New Jersey citizens, Dicuio bears the burden of supplying evidence that two-thirds of the putative class members are New Jersey citizens in order for remand to be mandatory. At the least, he must provide evidence that one-third of the class are citizens in order for the court to exercise its discretion to remand. Dicuio has not provided any evidence in an attempt to meet either the one-third or two-thirds requirement.

Plaintiffs' citation to <u>American Gen. Financial Services v. Griffin</u>, 685 F.Supp.2d 729 (N.D.Ohio 2010), does not alter my conclusion. In applying the local controversy exception, the court in that case was willing to infer that two-thirds of a class comprised of "Ohio residents" who entered into loan agreements with an Ohio corporation were Ohio citizens. <u>Id.</u> at 734. Plaintiff also points to <u>Mattera v. Clear Channel Communications, Inc.</u>, 239 F.R.D. 70 (S.D.N.Y. 2006), which held it "reasonably likely" that two-thirds of a class comprised of sales representatives employed at New York radio stations are New York citizens. <u>Id.</u> at 80. [5]

---

[4] In his opening brief, Plaintiff argued that his counsel could stipulate that the class is comprised of New Jersey citizens. Plaintiff retracted from that position in his reply brief, apparently (and appropriately) recognizing that the complaint may not be amended via counsel stipulation attached to a brief. <u>Cf.</u> <u>Bell v. City of Philadelphia</u>, 275 Fed.Appx. 157, 160 (3d Cir. 2008) ("A plaintiff may not amend his complaint through . . . his brief …..").

[5] While these are local controversy exception cases, Plaintiff cites to them in the home state exception section of its opening brief. As noted, the citizenship analysis under both exceptions is similar.

Unlike <u>Griffin</u> and <u>Mattera</u>, the class here is not limited to New Jersey residents or employees but is comprised of people who merely purchased goods in New Jersey.[6] New York, Pennsylvania, and Delaware residents often travel through and commute to New Jersey, purchasing goods along their travels. I see no basis for presuming that two-thirds of those who purchase goods in New Jersey are New Jersey citizens. Moreover, because the proposed class includes all purchasers since 2005, those who were New Jersey residents several years ago in 2005, 2006, and 2007, may have since relocated and become citizens of other states. See <u>Romano v. SLS Residential, Inc.</u>, --- F.Supp.2d ----, 2011 WL 2671526, *4 (S.D.N.Y. Jun 22, 2011) (distinguishing <u>Mattera</u> where class was comprised of residents of psychiatric facility from 2004 through 2006 and, at the time the complaint was filed "more than four years ha[d] passed"). Finally, to the extent that <u>Griffin</u> and <u>Mattera</u> stand for the proposition that the Plaintiff need not provide evidence of citizenship, I disagree with that approach and find more persuasive the case law discussed <u>supra</u>, such as <u>Sprint</u>, <u>Anthony</u>, and <u>Schwartz</u>, which place an evidentiary burden on the plaintiff.

In what appears to be a belated attempt to gather the information to determine the citizenship of each putative class member, Plaintiff makes a broad, unspecific discovery request in his reply brief. Specifically, Plaintiff states that "the undisputed facts related to the overwhelmingly local nature of this case, as set forth above, warrant, at the very least, that

---

[6] For this same reason, Plaintiff's reliance on portions of legislative history found in the Senate Judiciary Committee Report is likewise misplaced. See Pl. Reply at 3-4 (citing Senate Judiciary Committee Report on the Class Action Fairness Act of 2005, *reprinted in* 2005 U.S.C.C.A.N. 3, 23 *available at* 2005 WL 627977 at *23). In that report, the committee gives examples of classes comprised of a certain number of <u>residents</u> from a given state. Here, by contrast, Plaintiff's proposed class includes all <u>purchasers</u> who purchased cartridges in New Jersey. Plaintiff has not provided this Court with any basis for determining the residency, much less citizenship or domicile, of any of the purchasers.

Plaintiff be allowed to obtain discovery from Defendant as to the citizenship of the members of the proposed class." See Pl. Reply at 9.

Under Third Circuit law, while a plaintiff is generally entitled to jurisdictional discovery, such a request may be denied if the plaintiff's claim is "clearly frivolous" or constitutes a mere "fishing expedition." Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 157 (3d Cir. 2010); LaSala v. Marfin Popular Bank Public Co., Ltd., 410 Fed.Appx. 474, 478 (3d Cir. 2011). Moreover, a plaintiff seeking jurisdictional discovery must state the request with reasonable particularity. Eurofins, 623 F.3d at 157. In that connection, the discovery request should be limited in scope. Hirschbach v. NVE Bank, 496 F.Supp.2d at 460.

Indeed, CAFA's legislative history suggests that Congress intended for jurisdiction to be determined "largely on the basis of readily available information," and that courts should not grant broad discovery requests:

> Allowing substantial, burdensome discovery on jurisdictional issues would be contrary to the intent of these provisions to encourage the exercise of federal jurisdiction over class actions. For example, in assessing the citizenship of the various members of a proposed class, it would in most cases be improper for the named plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow the construction of such a list), in many instances a massive, burdensome undertaking that will not be necessary unless a proposed class is certified. Less burdensome means (e.g., factual stipulations) should be used in creating a record upon which the jurisdictional determinations can be made.

Schwartz, supra at *3 (quoting Judiciary Committee Report on Class Action Fairness Act, S.Rep. No. 109-14, at 44 (1st Sess. 2005)). But see Clover v. Sunset Auto Co., No. 4:09CV58, 2009 WL 1490489, *3 (E.D.Mo. May 27, 2009) (granting plaintiff's blanket request for jurisdictional

discovery even though "Plaintiff . . . presented nothing, other than argument and speculation, from which the Court could begin to assess whether the statutory requirements have been met.")

Here, the one-sentence discovery request in Plaintiff's reply brief does not state with reasonably particularity what sort of discovery Plaintiff would need to ascertain class member citizenship. While he suggests that Defendant would have information on the purchasers' citizenship, this is unlikely. For non-cash purchases, Defendant could have retained the purchasers' credit card zip code information but, at best, that information would indicate only residency. For cash purchases, Defendant would not likely have retained any information about the purchaser. The Court cannot discern at this early stage of litigation whether Plaintiff's claims are meritorious, but it can be said that Plaintiff's failure to specify the type of discovery he seeks smacks of a fishing expedition. As the Third Circuit has indicated that jurisdictional discovery may not be used for that purpose, and in light of the suggestion by CAFA's drafters that broad, undefined discovery periods are not favored, I deny Plaintiff's blanket request for discovery.

Having denied Plaintiff's request for jurisdictional discovery, I focus my analysis on the complaint and briefing. As noted, the complaint does not define the class as New Jersey citizens. Further, Plaintiff's filings contain no facts or evidence suggesting that two-thirds of the class is comprised of New Jersey citizens.[7] It is Plaintiff's burden to prove that the home state exception applies and Plaintiff has failed to meet his burden. Indeed, Plaintiff has not even presented evidence that at least one-third of the proposed class are citizens, which would permit me to engage in the totality of the circumstances test set forth in 28 U.S.C. § 1332(d)(3). Without a

---

[7] While Defendant has provided the court with some generally available statistical information about New Jersey, as well as common sense arguments as to why "purchasers" should not be equated with "citizens," I need not rely upon this data or argumentation. As noted, it is the Plaintiff's burden to demonstrate citizenship and, in light of Plaintiff's failure to provide any such evidence, no further analysis is required.

basis for concluding that more than one-third of the proposed class is comprised of New Jersey citizens, there is basis for granting remand here.  See Schwartz, 256 Fed.Appx. at 517 n.1. Accordingly, I deny Plaintiff's request to remand based on the home state exception to CAFA.

      **B.**     **Local Controversy Exception**

For the local controversy exception to apply, as with the home state exception, Plaintiff must demonstrate that "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed ….," inter alia.  28 U.S.C. § 1332(d)(4)(A)(i)(I).  Plaintiffs' failure to limit its pleading to New Jersey citizens, combined with his failure to provide any evidence in support of his contention that two-thirds of the proposed class are New Jersey citizens renders his local controversy exception contention untenable.  Moreover, as explained above in connection with my home state exception analysis, Plaintiff has not stated his discovery request with reasonable particularity.  Accordingly, Plaintiff's motion to remand based on the local controversy exception is denied.

**IV.**     **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand is denied.


DATED:     November 15, 2011                       /s/   Freda L. Wolfson\_\_\_
                                                                Freda L. Wolfson, U.S.D.J.